UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DECORATIVE PANELS INTERNATIONAL,
INC.,

        Plaintiff,                          Case No. 13-cv-10798

v                                                 Honorable Thomas L. Ludington

INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE WORKERS
AND ITS LODGE W-260,

        Defendant.

_____/

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR CONTEMPT,
MOTION FOR ATTORNEY FEES, AND MOTION TO REMAND,
AND CANCELLING HEARING**

On February 27, 2013, Plaintiff Decorative Panels International ("DPI") filed suit against Defendant International Association of Machinists and Aerospace Workers and Its Lodge W-260 (the "Union") seeking vacatur of an arbitration award. Following briefing by the parties, on February 6, 2014, this Court entered judgment in favor of the Union, concluding that the (1) the arbitrator acted within the scope of his authority; (2) the arbitrator did not fail to "arguably construe" the collective bargaining agreement; and (3) that the arbitration award did not violate public policy.

On March 4, 2014, DPI timely filed a notice of appeal to the Sixth Circuit. Notice of Appeal, ECF No. 34. The next day, the Union filed two motions: (1) a motion to hold DPI in contempt for failure to comply with this Court's February 6, 2014 Order, ECF No. 36; and (2) a motion for attorney fees, ECF No. 38.

This Court issued an Order for DPI to show cause why it should not be held in contempt, ECF No. 49, and held a show cause hearing on May 5, 2014. During the show cause hearing, DPI asserted that it would be impossible for it to comply with the Court's February 6, 2014 Order. DPI asserted that, due to a contract with third-party API executed on July 13, 2011, it no longer had control over the E-Lab, and therefore could not return any former employee to the E-Lab as required by the June 15, 2009 collective bargaining agreement. Thus, DPI argued that it would be impossible to comply with the Court's Order (and, by extension, the arbitration award) requiring it to allow the former employees to return to the E-Lab.

DPI also expressed its desire to return to the arbitrator to present evidence regarding its inability to comply with the arbitration award. At the hearing, both parties agreed that information regarding DPI's third-party contracts had not been previously furnished to the arbitrator and that those contracts could affect DPI's ability to comply with the arbitration award. DPI also suggested, once again, that substantial changes had been made to the E-Lab in implementing the API agreement, and that the work processes would also be relevant to the arbitrator.

Thus, with the parties' agreement, the Court then continued the show cause hearing, adjourning the hearing to September 10, 2014. The adjournment was intended to give the parties the opportunity to return to the arbitrator and to have him address the outstanding issues discussed at the show cause hearing.

Despite the Order indicating that "the litigation in this Court does not affect the arbitrator's continuing jurisdiction," ECF No. 50, the arbitrator concluded that he did not have jurisdiction over issues related to enforcement of the arbitration award—or, alternatively, that he was no longer interested in the arbitral commission:

> As the parties are aware, I do not have the power to enforce my arbitration award to be carried out. That would normally require court enforcement. Clarification of the application of the award likewise is not necessary inasmuch as the award is clear. It appears the employer is basically questioning the jurisdiction and authority of the arbitrator as opposed to seeking a clarification of the Supplemental Decision and Award. *As a result, while I appreciate the parties' confidence and being willing to submit an issue or issues to this arbitrator* (even though the parties differ as to whether there should or should not be a hearing), *it is my decision to relinquish my reservation of authority and jurisdiction in this case.*

Joint Status Report Ex. A (emphasis added), ECF No. 55. During a status conference on September 10, 2014, DPI expressed a desire to file a motion to remand the matter to the arbitrator, which DPI filed on September 19, 2014. *See* Mot. Remand, ECF No. 57.

In summary, there are three motions currently pending before this Court: (1) the Union's motion for contempt; (2) DPI's motion to remand; and (3) the Union's motion for attorney fees.

I

Before addressing the merits of the parties' motions, this Court must first determine whether it has jurisdiction, given that DPI has filed an appeal to the Sixth Circuit. In *Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dep't of Natural Resources*, the Sixth Circuit stated that "[i]t is settled law that filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal." 71 F.3d 1197, 1203 (6th Cir. 1995). This general rule applies "unless that appeal is untimely, is an appeal from a non-appealable non-final order, or raises only issues that were previously ruled upon in that case by the appellate court." *Rucker v. United States Dep't of Labor*, 798 F.2d 891, 892 (6th Cir. 1986). Currently, there are three pending matters before the Court, and this Court only has jurisdiction over those matters that are unrelated to the merits on appeal.

**A**

First is the Union's motion for Order to Show Cause and for Judgment of Contempt. In its motion, the Union contends that DPI and its president are in contempt by failing to comply with this Court's Order. Specifically, the Union contends that Defendant has not applied for the transfer of the effluent permit and has not returned the work formerly performed in the bargaining unit in the E-Lab as directed by the Arbitrator.

In response, DPI asserts that it is impossible to comply with this Court's Order (and, by extension, the arbitration award): "the Motion should be denied because compliance with the Order is impossible due to the API contract." Resp. 2, ECF No. 43. Of course, this argument is identical to the argument that DPI is asserting on appeal—that the contract with API (which postdates the collective bargaining agreement) makes it impossible to comply with the arbitration award: "despite recognizing that API does not employ Union employees, the Arbitrator has ordered DPI to return the five grievants to the Wastewater Plant. In other words, the Arbitrator has ordered DPI to do to API what the Arbitrator lacks the authority to order himself." Appellant Br. 25.

Generally, a district court retains the authority to enforce its judgment notwithstanding an appeal. *Cincinnati Bronze*, 829 F.2d 585, 588 (6th Cir. 1987). Here, however, enforcement of the judgment is not merely a "remedial matter," *Fort Gratiot*, 71 F.3d at 1203. Instead, determining whether compliance with the arbitration award was "impossible" would be an expansion of this Court's prior award. In its Order, this Court never addressed whether compliance with the arbitration award was impossible. Because a district court may only enforce—not expand—its judgment, this Court is without jurisdiction to decide the Union's motion for contempt.

Moreover, that same issue—i.e., the impossibility of compliance—is related to the merits of the appeal. Indeed, impossibility of compliance constitutes a substantial part of DPI's appeal. Thus, a determination of whether compliance was impossible would infringe on the Sixth Circuit's appellate jurisdiction. *See N.L.R.B. v. Cincinnati Bronze*, 829 F.2d 585, 588 (6th Cir. 1987) ("As a general rule, an effective notice of appeal divests the district court of jurisdiction over *the matter forming the basis for the appeal*.") (emphasis added). This Court is without jurisdiction to address the Union's motion for contempt, and therefore the motion will be denied without prejudice.

**B**

This Court is similarly without jurisdiction to address DPI's motion to remand. In the motion, DPI asserts that remand is appropriate because (1) "DPI has made the E-Lab Employees whole," (2) "returning the E-Lab Employees to the E-Lab is impossible," and (3) "the Union and DPI jointly agreed to submit this issue to the arbitrator" who "refused to address the issue of impossibility." Mot. Remand 19-20. In response, the Union asserts that this Court no longer has jurisdiction, given the pending appeal to the Sixth Circuit.

As noted above, the issue of impossibility is currently before the Sixth Circuit on appeal. In addition, in its appellant brief DPI asserts that this matter should have been remanded to the arbitrator using language identical to that used in the instant motion to remand before this Court. *Compare* Mot. Remand 19-20 *with* Appellant Br. 30.[1] Because DPI's motion to remand addresses the same issues as those it presents to the Sixth Circuit, any decision by this Court

---

[1] "The Sekisui holding is equally applicable to this matter. DPI has made the E-Lab Employees whole. Moreover, returning the E-Lab Employees to the E-Lab is impossible—API has the contractual rights to the E-Lab. Unlike *Sekisui*, the arbitrator was not aware of this impossibility when the remedy was issued and he has refused to address the issue of impossibility. Also unlike *Sekisui*, the Union and DPI jointly agreed to submit this issue to the arbitrator. Accordingly, based on Sixth Circuit precedent, the appropriate remedy in this matter is to remand the remedy issue to an arbitrator to clarify the remedy and to determine whether the original remedy is appropriate and possible."

would go to the merits of the issue before the Sixth Circuit. Therefore, this Court is without jurisdiction to review DPI's motion to remand, and the motion will be denied without prejudice.

### C

Alternatively, to the extent that this Court may have jurisdiction over either motion, the Court also has the discretion to decide whether to review the merits of a motion that relates to a judgment on appeal. *See Dunham v. United States*, 486 F.3d 931, 935 (6th Cir. 2007) (in the civil context, granting the district court discretion to decide whether to review a Rule 60(b) motion while the judgment was pending appeal and finding no error when the district chose not to consider such a motion). "The decision of whether to hear . . . a post-judgment motion while an appeal is pending is within the District Court's discretion, and there is no error where the District Court decides to let the appeal run its course." *Id*. (citing *LSJ Investment Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999)). Allowing the current appeal to "run its course" would be the most prudent course of action in the instant case because the issues before this Court are the same issues presented to the Sixth Circuit on appeal.[2]

### II

As to the third motion, this Court has jurisdiction over the Union's motion for attorney's fees, and therefore the Court may address the merits of the motion. *See Kehoe Component Sales Inc. v. Best Lighting Products, Inc.*, 2014 WL 5034643, at *3 (S.D. Ohio Oct. 8, 2014) ("The Supreme Court has held that attorneys' fees are always collateral to the main cause of action.") (citing *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202-03 (1988)). The Union seeks attorney fees associated with (1) defending against DPI's claims in the lawsuit, and (2) seeking

---

[2] District courts have generally exercised this discretion with respect to Rule 60(b) motions and motions for reconsideration. *See Dunham v. United States*, 486 F.3d 931, 935 (6th Cir. 2007); *Simmons v. Codner*, 2014 WL 954527, at *1 (N.D. Ohio Mar. 11, 2014). Given the nature of DPI's impossibility defense, the Court will decline to exercise jurisdiction over the motion for contempt because a decision would alter, not aid, the appellate process.

an order holding DPI in contempt for failing to comply with the Court's judgment of those claims.

Awarding attorney's fees to a prevailing party is a rare occurrence. Under the "bedrock principle known as the American Rule, each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Marx v. General Revenue Corp.*, 133 S. Ct. 1166, 1175 (2013). Despite this general rule, the Sixth Circuit has recognized that federal courts have the power to award attorney's fees in a narrow set of circumstances, such as when the "action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Wolfe v. Perry*, 412 F.3d 707, 720 (6th Cir. 2005).

But only truly egregious conduct—the kind in which "the very temple of justice has been defiled," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)—will justify a departure from the American Rule. "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Id*. at 44.

Awarding attorney's fees to the Union for its defense against DPI's lawsuit is not yet warranted in this case. Where a party has filed a notice of appeal, a district court has the discretion to do three things with respect to a motion for attorney's fees:

> If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice . . . a new period for filing after the appeal has been resolved.

Fed. R. Civ. P. 54(d) advisory committee's note (1993). Here, the final option—denial without prejudice—is most appropriate for two reasons.

First, if DPI prevails on appeal, the Union would not be entitled to attorney fees. Thus, deciding the motion would have wasted judicial resources. *See e.g., Derringer v. Sewell,* 2009 WL 2424662, at *1 (D. Ariz. Aug. 7, 2009) (denying motion for attorney fees without prejudice

pending appeal because of interest in judicial economy); *Ewing v. TWA Rest. Group, Inc.*, 2009 WL 976490, at *1 (D. Kan. Apr. 10, 2009) (same); *Quigley v. Gov't Emps. Ins. Co.*, 2008 WL 384561, at *1 (M.D. Fla. Feb. 11, 2008) (same).

Second, if DPI does not prevail on appeal, the Union will almost certainly seek to recoup the expenses that it incurred on appeal. *See, e.g., Quigley*, 2008 WL 384561, at *1. And efficiency favors resolving all of the fee requests at once rather than piecemeal. Consequently, if the Union prevails on appeal, it will be permitted 21 days after the issuance of the mandate to file a request for attorney fees.

### III

Accordingly it is **ORDERED** that the Union's Motion for Order to Show Cause (ECF No. 36) is **DENIED WITHOUT PREJUDICE**.

It is further **ORDERED** that the Union's Motion for Attorney Fees (ECF No. 38) is **DENIED WITHOUT PREJUDICE**.

It is further **ORDERED** that DPI's Motion to Remand (ECF No. 57) is **DENIED WITHOUT PREJUDICE**.

It is further **ORDERED** that either party, within twenty-one days after the issuance of the mandate, file a renewal of the above motions.

It is further **ORDERED** that motion hearing set for December 15, 2014, is **CANCELLED**.

                                                  s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

Dated: November 12, 2014

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 12, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS